# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA )  | |
| ) | Case No. 1-18-CR-97-CLC-SKL |
| v. ) | |
| ) | |
| DANIEL CHADWICK ) | |
| JOHN MILLER ) | |
| CHASTITY MCDONALD ) | |
| DANYALE COOPER ) | |
| TODD HARMON ) | |

## MODIFIED DISCOVERY AND SCHEDULING ORDER

If the parties in this action have not already done so, they shall within fourteen (14) days from the date of the entry of this order on the docket confer and the following shall be accomplished:

A. Upon request of the defendant, the government shall permit the defendant to inspect and copy the following items or copies thereof, or supply copies thereof, which are within the possession, custody or control of the government, the existence of which is known or by the exercise of due diligence may become known to the attorney for the government:

   1. Any relevant written or recorded statements made by the defendant.

   2. The defendant's arrest and conviction record.

   3. Results or reports of physical or mental examinations, and of scientific tests, including, without limitation, any handwriting analysis or experiments, which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial.

B. Upon request of the defendant, the government shall permit the defendant to inspect and copy the following items or copies thereof, or supply copies thereof, which are within the possession, custody or control of the government, or the existence of which is known or by the exercise of due diligence may become known to the government:

   1. The substance of any oral statement made by the defendant before or after his arrest in response to interrogation by a then known to be government agent which the government intends to offer in evidence at trial.

   2. Recorded grand jury testimony of the defendant relating to the

offenses charged.

    3. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained from or belong to each defendant.

C. Upon receipt by a defendant of materials in A(3) or B(3) from the government, the defendant shall permit the government to inspect and copy the following items, or copies thereof, or supply copies thereof, which are within the possession, custody or control of the defendant, the existence of which is known or by the exercise of due diligence may become known to the defendant:

    1. Books, papers, documents, photographs or tangible objects which each defendant intends to introduce as evidence in chief at trial.

    2. Any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case which the defendant intends to introduce as evidence in chief at trial, or which were prepared by a defense witness who will testify concerning the contents thereof.

D. Upon request of the defendant, the government shall disclose to the defendant a written summary of all expert testimony the government intends to use. This summary shall describe the witnesses' opinions, the bases and reasons therefor, and the witnesses' qualifications.

E. If a defendant intends to rely upon the defense of insanity at the time of the alleged crime, or intends to introduce expert testimony relating to a mental disease, defect or other condition bearing upon the issue of whether he had the mental state required for the offense charged, he shall give written notice thereof to the government. This notice shall be given within twenty (20) days of the entry of this order.

F. The government shall obtain the record of prior convictions of any alleged informant who will testify for the government at trial so that the record will be available to the defendant at trial.

G. The government shall state whether the defendant was identified in any lineup, showup, photo spread or similar identification proceeding, and produce any pictures utilized or resulting therefrom.

H. The government shall advise its agents and officers involved in this case to preserve all rough notes.

I. Upon request, the government shall advise the defendant of the general nature of any evidence it intends to offer at trial under Rule 404(b), Federal Rules of Evidence.

J. The government shall state whether the defendant was an aggrieved person, as defined in 18 U.S.C. § 2510(11) of any electronic surveillance, and if so, shall set forth in detail the circumstances thereof.

K. Upon request, the government shall provide the defense, for independent expert examination, copies of all latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

L. The parties shall make every possible effort in good faith to stipulate all facts or points of law, the truth and existence of which is not contested and the early resolution of which will expedite the trial.

M. The parties shall collaborate in preparation of a written statement to be signed by counsel for each side, generally describing all discovery material exchanged, and setting forth all stipulations entered into at the conference. No stipulation made by defense counsel at the conference shall be used against the defendant unless the stipulation is reduced to writing and signed by the defendant and his counsel.

The government shall reveal to the defendant and permit inspection and copying of all information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), United States v. Agurs, 427 U.S. 97 (1976) (exculpatory evidence), and United States v. Bagley, 473 U.S. 667 (1985) (impeachment evidence). Timing of such disclosure is governed by United States v. Presser, 844 F.2d 1275 (6th Cir. 1988).

It shall be the continuing duty of counsel for both sides to immediately reveal to opposing counsel all newly discovered information or other material within the scope of this order.

Upon a sufficient showing, the Court may at any time, upon motion properly filed, order that the discovery or inspection provided for by this order be denied, restricted or deferred, or make such other order as is appropriate. It is expected by the Court, however, that counsel for both

3

sides shall make every good faith effort to comply with the letter and spirit of this order.

All motions shall be filed in this cause no later than **Monday, October 15, 2018**. Any motion which requires the resolution of an issue of law <u>must</u> be accompanied by a supporting memorandum. Local Rule 7.1 EDTN. Without such a memorandum, the motion will not be considered by the Court. If either party desires a <u>Daubert</u> hearing regarding expert testimony, that party shall notify the Court by **Monday, October 15, 2018**.

**Plea bargaining shall be concluded by Monday, October 15, 2018, and any written agreement shall be executed by said date.**

All requests for jury instructions shall be submitted no later than **Wednesday, October 24, 2018**. A copy of the prepared jury instructions should be sent as an electronic mail attachment in WordPerfect or Microsoft Word compatible format to collier_chambers@tned.uscourts.gov.

A final pretrial conference shall be held before the United States District Judge at **4:00 p.m. on Wednesday, October 24, 2018**. Prior to the pretrial conference, the parties shall disclose to one another and to the Court, technology they intend to use in the courtroom during the trial and how they intend to use it (e.g., display equipment, data storage, retrieval, or presentation devices). This disclosure shall list (1) equipment they intend to bring into the courtroom to use, and (2) equipment supplied by the Court the parties intend to use.

Further, the parties shall disclose to one another the content of their electronic or digital materials by the time of the final pretrial conference, and shall confirm the compatibility/viability of their planned use of technology with the Court's equipment by the final pretrial conference. General information on equipment supplied by the Court is available on the Eastern District of Tennessee website ([www.tned.uscourts.gov](www.tned.uscourts.gov)). Specific questions about Court-supplied equipment should be directed to the courtroom deputy (directory available on website).

The trial of this case will be held before the United States District Judge and a twelve-person jury beginning **Monday, November 5, 2018**. Counsel shall be prepared to commence trial at **9:00 a.m.** on the date which has been assigned. If this case is not heard immediately, it will be held in line until the following day or anytime during the week of the scheduled trial date.

One principal purpose of this discovery order is to avoid the necessity of counsel for the defendant(s) filing routine motions for routine discovery. Accordingly, counsel for the defendant(s) shall make a request of the government for each item of discovery sought and be declined the same prior to the filing of any motion. Further, any motion filed on behalf of the defendant(s) shall include an accompanying certification by counsel for the defendant(s) that either:

(1) The item of discovery sought in the motion is not included in or covered by this discovery order; that a formal request for the item has been made to the government, and the government has declined the request, or

(2) The item of discovery sought in the motion is included in or covered by this discovery order; that a formal request for the item has been made to the government, and the government has declined the request.

Sanctions may be imposed for failure to follow this procedure.

SO ORDERED.

ENTER:            s/ *Susan K. Lee*
                               SUSAN K. LEE
                               UNITED STATES MAGISTRATE JUDGE